IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-2319

CHERYL IRENE,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

## NOTICE OF REMOVAL

Defendant Safeco Insurance Company of America ("Defendant" or "Safeco"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully gives notice of the removal of this action from the District Court for Pueblo County, Colorado ("State Court") to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On July 24, 2019, Plaintiff initiated this action by filing her Complaint in the District Court for Pueblo County, Colorado, Case No. 2019CV30442 ("State Action").  *See* Plaintiff's Compl., **Exhibit A**.

2. In the State Action, Plaintiff alleged that Safeco delayed and/or denied Plaintiff uninsured motorist coverage.  Plaintiff alleged three claims for relief against Safeco: a First Claim for Relief for Breach of Contract, a Second Claim for Relief for First Party Statutory

108913763.1

Damages under C.R.S. §§ 10-3-1115, 1116, and a Third Claim for Relief for Common Law Bad Faith. *Id.*, ¶¶ 19–35.

## COMPLIANCE WITH THE RULES

3. All procedural requirements related to the removal of this action have been satisfied.

4. On July 26, 2019, Plaintiff served Defendant with a Summons and copy of Plaintiff's Complaint. *See* Return of Service, attached as **Exhibit B**.

5. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint filed in the State Action and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

6. Concurrent with this Notice of Removal, Defendant will file a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This filing will include a true and correct copy of the State Court docket, and all State Court pleadings, motions, and other papers known to have been served on Defendant.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (attached as **Exhibit C**) and Complaint (**Exhibit A**) is attached to this Notice of Removal.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on counsel for Plaintiff.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

10. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

11. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12. Venue is proper in the United States District Court for the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

13. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (A) the parties are citizens of different states, and (B) the amount in controversy exceeds $75,000.

**A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

14. Upon information and belief, Plaintiff is a citizen of Colorado who resides at 635 Scranton Ave., Pueblo, Colorado 81004. *See e.g.,* **Exhibit A**, ¶ 1 & p. 5.

15. Defendant Safeco Insurance Company of America is a citizen of New Hampshire and Massachusetts. Defendant is incorporated under the laws of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. §

1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

16. For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.

18. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

19. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

of . . . other paper from which it may first be ascertained in the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

20. Pursuant to C.R.C.P. 8(a), each pleading containing an initial claim for relief in a civil action "shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading. *See* C.R.C.P. at Form JDF 601.

21. Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which he confirms that he seeks "a monetary judgment for more than $100,000 against another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ." *See* Civil Case Cover Sheet, attached as **Exhibit E**.

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties, LLC v. Colorado Casualty Insurance Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in

- 5 -

>controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id. See also Henderson v. Target Stores, Inc.*, 431 F.Supp.2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000. We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).").

23.	Further, in her Complaint, Plaintiff demands statutory damages and alleges that she is entitled to recover "two times the covered under-uninsured motorist benefits plus reasonable attorney's fees and court costs" pursuant to C.R.S. § 10-3-1116. *See* **Exhibit A**, ¶ 29. Plaintiff's Second Claim for Relief for First Party Statutory Damages exceeds the $75,000 jurisdictional requirement. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D. Colo. 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the District Court for Pueblo County, Colorado, Case No. 2019CV30442, be removed to the United States District Court for the District of Colorado, and that all further proceedings be heard by this Court.

Respectfully submitted this ___ day of August, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*/s/ Brian J. Spano*
Brian J. Spano, Esq.
200 17th Street, Suite 3000
Denver, CO 80202
Phone: 303.623.9000
Email: bspano@lrrc.com

*Attorneys for Defendant*
*Safeco Insurance Company of America*

## CERTIFICATE OF SERVICE

      I certify that on August ____, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Shannon K. Baillargeon, Esq.
Erica A. Vecchio, Esq.
Franklin D. Azar & Associates, P.C.
400 North Main Street
Pueblo, Colorado 81003
baillargeons@fdazar.com
vecchioe@fdazar.com


LEWIS ROCA ROTHGERBER CHRISTIE LLP

*/s/ Brian J. Spano*